J-A18030-24

2024 PA Super 203

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
| v. | : | |
| DAVID KAPELLUSCH | : | |
| Appellant | : | No. 129 WDA 2024 |

Appeal from the PCRA Order Entered December 27, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000088-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
| v. | : | |
| DAVID ALLEN KAPELLUSCH | : | |
| Appellant | : | No. 151 WDA 2024 |

Appeal from the PCRA Order Entered December 27, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000093-2022

BEFORE: OLSON, J., MURRAY, J., and BENDER, P.J.E.

OPINION BY MURRAY, J.:                                    **FILED: September 10, 2024**

David Allen Kapellusch (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 21, 2022, at CR-88-2022, the Commonwealth charged Appellant with several drug-related crimes, including possession with intent

to deliver a controlled substance (PWID).[1] The charges arose out of Appellant's possession of methamphetamine and fentanyl on February 12, 2022, in a quantity indicative of his possession with intent to deliver. ***See*** N.T. (Plea Hearing), 10/28/22, at 6-7. On April 14, 2022, at CR-93-2022, the Commonwealth charged Appellant with several crimes, including PWID, arising out of his delivery of methamphetamine and fentanyl to a confidential informant in February 2021. ***See id.*** at 5.

Both cases proceeded to a guilty plea hearing on October 28, 2022 (plea hearing). Appellant was represented by Eric Padin, Esquire (Plea Counsel). At the beginning of the plea hearing, the trial court colloquied Appellant to determine whether he was acting knowingly, intelligently, and voluntarily in pleading guilty. ***See id.*** at 3-8. The colloquy included the following:

> THE COURT: [] Let the record show that [Appellant] is present and represented by [Plea C]ounsel …. **You were advised of your legal rights by video. Did you understand those rights?**
>
> [Appellant]: **Yes, ma'am.**

---

[1] 35 P.S. § 780-113(a)(30).

THE COURT: Okay. You also filled out a written plea colloquy,[2] which should've outlined your charges, penalties, and other rights. Did you understand --

[Appellant]: Yeah.

THE COURT: -- everything in the written plea colloquy?

[Appellant]: Yes, ma'am.

THE COURT: Do you have any questions at all?

[Appellant]: No, ma'am.

THE COURT: **Are you satisfied with …** [**Plea Counsel's**] **representation of you?**

[Appellant]: **Yes, ma'am.**

*Id.* at 3 (emphasis and footnote added).

Appellant further confirmed at the plea hearing that "no other promises have been made to" him, aside from those contained in the respective plea agreements. *Id.* at 4. After the prosecutor briefly recounted the factual basis for both cases, Appellant admitted to the charged conduct. *See id.* at 4-8. The trial court found Appellant tendered his pleas knowingly, intelligently, and voluntarily. *Id.* at 8. The court deferred sentencing for the preparation of a pre-sentence investigation report. *Id.* at 8-9.

---

[2] In the written colloquy, Appellant confirmed, *inter alia*: (a) he was entering the plea "of [his] own free will"; (b) nobody had "forced [him], threatened [him], promised [him] anything or coerced [him] directly or indirectly to enter th[e] plea"; and (c) after "discuss[ing] the case with" Plea Counsel, Appellant was "satisfied that the guilty plea … [was] in [his] best interests[.]" Written Colloquy, 10/28/22, ¶¶ 34, 37, 38.

Prior to sentencing, Appellant sent two *pro se* letters (collectively, Appellant's Letters) to the trial court, claiming Plea Counsel pressured him into pleading guilty. **See** Amended PCRA Petition, 10/12/23, Exhs. A, B (Appellant's Letters). The trial court construed Appellant's Letters as a pre-sentence request to withdraw his guilty plea (withdrawal request).[3] The court held a hearing on Appellant's withdrawal request on December 1, 2022, where Appellant appeared, represented by Plea Counsel.

It is undisputed that Appellant stated on the record at the December 1, 2022, hearing that he retracted his withdrawal request.[4, 5] **See**, **e.g.**,

_____

[3] We acknowledge "no defendant has a constitutional right to hybrid representation, either at trial or on appeal." **Commonwealth v. Staton**, 184 A.3d 949, 957 (Pa. 2018) (citation omitted). Here, in response to Appellant's Letters, the trial court issued substantially identical orders, on July 14, 2023, and August 8, 2023. These orders stated that (a) *pro se* motions filed by a represented party are legal nullities; and (b) the trial court forwarded Appellant's Letters to Plea Counsel and the prosecutor. Order, 7/14/23; Order, 8/8/23.

[4] Notably, the record does not include a transcript of the December 1, 2022, hearing. **See Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011) (stating it is the responsibility of the appellant, not the trial court, to provide a complete record for review, including any necessary transcripts); **see also** Pa.R.A.P. 904(c) (requests for transcripts), 1911(a) (same). However, at the evidentiary hearing on Appellant's instant PCRA petition (PCRA hearing), the PCRA court stated that (a) the December 1, 2022, hearing had been transcribed; and (b) "[W]e'll make the transcript from the December 1st, 2022[,] hearing part of this record." N.T., 12/7/23, at 6. Despite the foregoing, no transcript for the December 1, 2022, hearing was ever filed.

[5] The PCRA court explained what transpired at the December 1, 2022, hearing in its opinion:

*(Footnote Continued Next Page)*

- 4 -

Appellant's Brief at 31 n.3 (stating Appellant "had an opportunity between the December 1st hearing on his withdrawal request and the December 9th sentencing hearing to reconsider his abandonment of the withdrawal effort"); N.T., 12/7/23 (PCRA hearing), at 6, 19-20 (Appellant testifying concerning his abandonment of the withdrawal request).

---

At the December 1, 2022[,] hearing convened to review … [Appellant's] Letters …, in [Appellant's] presence, [Plea C]ounsel stated on the record to the court:

I've explained to [Appellant] the law regarding the withdrawal of [a] guilty plea and that you needed more than just a bald face[d] assertion of innocence. [Appellant has] decided he doesn't want to pursue the withdrawal of the guilty plea ….

N.T., 12/1/23, p. 4. [Appellant] was thereafter given a chance to speak and he never disputed or contradicted what [Plea Counsel] said. Instead, [Appellant] stated to the court:

I just want to apologize for wasting your time. I just didn't understand the actual law what was supposed to happen.

*Id.*

PCRA Court Opinion, 12/27/23, at 4 (quotation marks omitted; citations, formatting and capitalization modified); **see also id.** ("Despite having the opportunity to speak [at the December 1, 2022, hearing, Appellant] never voiced any of the concerns he expressed in … [Appellant's] Letters …, *to-wit*, the allegation [that Plea] Counsel had pressured him into pleading guilty.").

Sentencing occurred on December 9, 2022, at both docket numbers. The trial court sentenced Appellant to an aggregate 6 to 12 years in prison. Appellant did not file post-sentence motions or a direct appeal.[6]

On May 15, 2023, Appellant filed a timely PCRA petition, *pro se*, at both cases. On June 28, 2023, the PCRA court filed an order that, *inter alia*, (a) appointed Appellant counsel, Kenneth Wargo, Esquire (PCRA Counsel),[7] at both cases; and (b) directed the Commonwealth to file an answer to Appellant's PCRA petition (or any amended petition), within 30 days. Order, 6/28/23, ¶¶ 1, 9. Notably to the instant appeal, the Commonwealth never filed an answer.

PCRA Counsel filed an amended PCRA petition on October 12, 2023. PCRA Counsel raised a claim of Plea Counsel's ineffective assistance (IAC) by (a) pressuring Appellant into pleading guilty and abandoning his withdrawal request; and (b) giving Appellant erroneous legal advice with respect to "the standard that would be applied in connection with a pre-sentence request to withdraw his guilty plea." Amended PCRA Petition, 10/12/23, ¶¶ 4-10. According to PCRA Counsel,

> [i]t was, or should have been, apparent to [Plea C]ounsel that [Appellant] … pleaded guilty only with extreme reluctance and under a feeling of pressure, calling into question the voluntariness of the … guilty plea. [Appellant] made this known to [Plea

---

[6] On January 11, 2023, the trial court granted Plea Counsel leave to withdraw as Appellant's counsel.

[7] PCRA Counsel also represents Appellant in connection with this appeal.

C]ounsel multiple times during discussions they had prior to the plea agreement.

*Id.* ¶ 5.

The amended PCRA petition further asserted Plea Counsel "was ineffective in failing to recognize" that Appellant's withdrawal request "had a reasonably good chance of success under the circumstances …." *Id.* ¶ 11. PCRA Counsel pointed out Appellant (a) promptly made his withdrawal request shortly after entry of his guilty pleas; and (b) advanced claims of actual innocence and undue pressure by Plea Counsel in connection with the guilty pleas. *Id.*

Our review discloses the following. The PCRA hearing occurred on December 7, 2023; Appellant was the only witness. At the beginning of the hearing, PCRA Counsel emphasized that the Commonwealth never filed an answer to Appellant's PCRA petition/amended petition, in violation of the PCRA court's June 28, 2023, order. N.T. (PCRA Hearing), 12/7/23, at 3-4; *see also* Order, 6/28/23, ¶ 9. In response to the PCRA court's question concerning the relief Appellant sought for the Commonwealth's omission, PCRA Counsel stated, "I think … the Commonwealth admitted any fact or allegations in the amended [PCRA] petition so that we don't need to present those facts …." N.T., 12/7/23, at 4. The PCRA court never expressly ruled on PCRA Counsel's request; rather, the court proceeded with the PCRA hearing and its consideration of Appellant's testimony. *Id.*

The following exchange occurred at the PCRA hearing, upon PCRA Counsel's direct examination of Appellant:

Q. [PCRA Counsel:] …   Were there [] instances where [Plea Counsel] brought up the possibility of a plea agreement?

A. [Appellant:] Yeah, there was -- I'd been through it like three times ….  [E]very time [Plea Counsel] asked me I told him no plea deal ….

Q. Okay.  You eventually did[,] though[,] agree to accept a plea agreement, is that correct?

A. Yes, I did.

Q. Now why would you do that?

A. [J]ust the conditions of my confinement ….  I didn't really want to take [the plea deal,] but [] there was no way around it[.]  I felt like if I don't take the deal[,] … it's going to be a lot worse for me[, Plea Counsel had] stated.  [Plea Counsel] just didn't want to do anything for me, [] that was the only option I had[.]

*Id.* at 11-12; *see also id.* at 12 (Appellant stating, "I wasn't very comfortable with it ….  I didn't want to take the deal.").  Appellant stated he entered the guilty pleas with "[r]eluctance." *Id.* at 12.

At the PCRA hearing, Appellant further explained that the next time he saw Plea Counsel, after entering his guilty pleas, was the December 1, 2022, hearing.  *Id.* at 18.  According to Appellant, Plea Counsel said to him at the beginning of the December 1, 2022, hearing:

[I]f you don't want me as your lawyer, just let me know and I'll step down[.  Plea Counsel] said … that the only way [the trial court is] going to [permit Appellant to] withdraw [his] plea is if [he] was drunk or high at the time that [he] signed [the plea agreement.]

*Id.* at 19. At the close of the PCRA hearing, the PCRA court took the matter under advisement and directed Appellant to file a brief in support of his request for relief, within 30 days. *Id.* at 26.

The PCRA court denied Appellant's PCRA petition on December 27, 2023. Three days later, Appellant filed a motion for reconsideration. Appellant emphasized the PCRA court denied his petition prior to the expiration of the 30-day time period for filing his brief, as ordered by the PCRA court. Motion for Reconsideration, 12/30/23, ¶¶ 2-3; *see also* N.T., 12/7/23, at 26. The PCRA court denied the motion for reconsideration on January 3, 2024.

Appellant timely filed notices of appeal at both cases.[8] Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant presents four issues for review:

1. Whether the factual allegations in the Amended PCRA petition should have been deemed admitted by the Commonwealth, or at least some other appropriate sanction should have been imposed on it, where it failed to file an answer despite having been ordered to do so?

2. Whether Appellant presented credible evidence that [Plea C]ounsel provided him bad advice regarding his effort to withdraw his guilty plea[,] where Appellant provided uncontradicted testimony at the PCRA [] hearing substantiating that [Plea C]ounsel had given him faulty information as to what standard would be applied in considering whether to permit withdrawal, and where there is no other reasonable explanation as to why Appellant would have abandoned his effort except that he was given bad advice by [Plea C]ounsel?

_____

[8] This Court, *sua sponte*, consolidated the appeals on April 22, 2024.

3. Whether a fair and just reason to withdraw Appellant's guilty plea existed when he made the request to withdraw only a day or two after the guilty plea and prior to sentencing, where the Commonwealth would not have been substantially prejudiced by allowing a withdrawal, and where [Appellant's] important Constitutional right to a trial was at stake?

4. Whether [Plea C]ounsel's strategy and action as to the guilty plea were relevant after Appellant decided he wanted to withdraw the guilty plea and was given bad advice by [Plea C]ounsel in connection with such withdrawal[?]

Appellant's Brief at 4-5.

When reviewing the denial of a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022). We "consider the record in the light most favorable to the prevailing party at the PCRA level," and "grant great deference to the PCRA court's findings that are supported in the record." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (citations omitted).

> Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

*Drummond*, 285 A.3d at 633 (citations and footnotes omitted). Finally, a PCRA petitioner "has the burden of persuading th[e appellate] Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019).

In his first issue, Appellant claims the PCRA court erred in denying his PCRA petition, where the Commonwealth never complied with the PCRA

court's June 28, 2023, order directing it to file an answer to Appellant's PCRA petition/amended petition. *See* Appellant's Brief at 12-19. According to Appellant, the PCRA court should have responded to the Commonwealth's omission by either (a) deeming as true the factual allegations in Appellant's amended PCRA petition; or (b) otherwise sanctioning the Commonwealth. *Id.* at 12.

Appellant invokes Pennsylvania Rule of Criminal Procedure 906(A), which provides:

> Except as provided in paragraph (E),[9] an answer to a petition for post-conviction collateral relief is not required **unless ordered by the judge**. When the judge has not ordered an answer, the attorney for the Commonwealth may elect to answer, but the failure to file one shall not constitute an admission of the well-pleaded facts alleged in the petition.

Pa.R.Crim.P. 906(A) (emphasis and footnote added); *see also* Appellant's Brief at 12. According to Appellant, the language in Rule 906(A)'s final sentence

> can certainly be read as being consistent with a parallel but unstated proposition that when the judge has ordered an answer, the attorney for the Commonwealth must file an answer, and the failure to file one shall constitute an admission of the well-pleaded facts alleged in the petition.

---

[9] This provision relates to answers in death penalty cases.

- 11 -

Appellant's Brief at 13. Appellant claims, in light of Rule 906(A), "it would be wrong to attach no consequence to the Commonwealth's failure to file an answer when it was ordered to do so …." *Id.* at 14.

Appellant acknowledges, in candor, that Pennsylvania Rule of Criminal Procedure 575 (governing motions and answers) provides, in relevant part:

> Except as provided in Rule 906 (Answer to Petition for Post-Conviction Collateral relief), an answer to a motion is not required unless the judge orders an answer in a specific case as provided in Rule 577. **Failure to answer shall not constitute an admission of the facts alleged in the motion.**

Pa.R.Crim.P. 575(B)(1) (emphasis added); *see also* Appellant's Brief at 16. However, Appellant argues, "[t]he language of Rule 575(B)(1) itself is less than clear on whether the last sentence covers PCRA matters[,] since the first sentence would appear to carve such proceedings out of the Rule." Appellant's Brief at 16. Finally, Appellant maintains, "[d]eemed admission for failure to answer is also found" in "analogous contexts in civil practice." *Id.* at 15 (citing, *inter alia*, Pa.R.C.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.")).

The Commonwealth counters the PCRA court did not err in declining to deem Appellant's version of the facts admitted based on the Commonwealth's failure to answer Appellant's PCRA petition. *See* Commonwealth Brief at 1-4. The Commonwealth concedes it did not comply with the trial court's directive to answer the PCRA petition. *Id.* at 2. However, according to the

- 12 -

Commonwealth, it was unable to respond to the merits of Appellant's IAC claims, given their nature:

> In examining [Appellant's] underlying claim, [IAC of Plea C]ounsel, and [Plea Counsel's] failure to advise [Appellant] properly, the Commonwealth can only give the following answer, "the Commonwealth is without sufficient information to admit or deny this claim; therefore, it is denied, and strict proof thereof is demanded at the time of hearing." At no time is the Commonwealth ever fully aware of the confidential communications discussed between a defendant and their counsel[,] unless there has been a complete breakdown of attorney-client privilege or there has a been a stipulation to the facts; the Commonwealth is simply without any information based upon the facts alleged to form [an answer responsive to the merits of Appellant's claims].

*Id.* at 3.

Appellant presents us with a question of law regarding the proper interpretation of Rule 906(A). *See Commonwealth v. Harris*, 315 A.3d 26, 33 (Pa. 2024) ("The proper interpretation of a rule of criminal procedure is a question of law." (citation and brackets omitted)). As such, our "standard of review is *de novo* and the scope of review is plenary." *Commonwealth v. Lopez*, 280 A.3d 887, 894 (Pa. 2022) (citation omitted).

"The Rules of Criminal Procedure are to 'be construed in consonance with the rules of statutory construction[.]'" *Commonwealth v. Allen*, 107 A.3d 709, 716 (Pa. 2014) (quoting Pa.R.Crim.P. 101(C)).[10] "The object of all

---

[10] We observe Section 1932 of the Statutory Construction Act provides: "Statutes that relate to the same class of persons or things are *in pari materia*" and "shall be construed together, if possible, as one…." 1 Pa.C.S.A. § 1932(a), (b).

interpretation and construction of rules is to ascertain and effectuate the intention of" the Pennsylvania Supreme Court. Pa.R.J.A. 108(a). "In construing the language, and giving it effect, we should not interpret [a] rule's words in isolation, but must read them with reference to the context in which they appear." **Harris**, 315 A.3d at 33 (citation omitted).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court determined it properly denied relief on Appellant's claim:

> The Commonwealth did not file an answer to [Appellant's PCRA petition,] despite [the court's directive in] paragraph 9 of the June 28, 2023, order …. **The Commonwealth appeared at the … PCRA hearing and contested [Appellant's] testimony and the relief sought. The failure of the Commonwealth to file an answer is not dispositive nor does it require a veritable default judgment in favor of [Appellant]. … [Rule] 906[] does not mandate an answer nor does it prescribe a remedy when an answer is ordered but not filed**. Accordingly, the disposition of this case was based on the evidence presented at the PCRA hearing, the record as a whole, and whether [Appellant] met his burden of proof.
>
> Like any other witness, [**Appellant's**] **credibility was in play when he testified at the PCRA hearing. It was not unrebutted simply because the Commonwealth did not file an answer**. As the factfinder, the [PCRA] court was free to give [Appellant's] testimony whatever weight deemed appropriate. What [Appellant] cannot avoid is his own conduct [in pleading guilty], which fully rebutted his PCRA testimony.

PCRA Court Opinion, 2/26/24, at 1-2 (emphasis added; some capitalization modified).

The PCRA court's reasoning is supported by the record and the law,[11] and we agree with its conclusion. *See id.* Rule 906(A) is ambiguous, as it does not "prescribe a remedy when an answer is ordered but not filed." *Id.* at 1. *Cf.* Pa.R.Crim.P. 906(A) ("When the judge has not ordered an answer, the attorney for the Commonwealth may elect to answer, but the failure to file one shall not constitute an admission of the well-pleaded facts alleged in the petition."). However, Rule of Criminal Procedure 575(B)(1), *supra*, is *in pari materia* with Rule 906(A) and provides additional guidance as to our Supreme Court's intention in Rule 906(A). *See* 1 Pa.C.S.A. § 1932 (stating similar provisions are to be read *in pari materia* and should be construed together); *see also Harris*, 315 A.3d at 33 (stating a reviewing court should "not interpret [a] rule's words in isolation, but must read them with reference to the context in which they appear." (citation omitted)).

As discussed above, Rule 575(B)(1) expressly provides that "[f]ailure to answer shall not constitute an admission of the facts alleged in the motion." Pa.R.Crim.P. 575(B)(1); *see also* Pa.R.Crim.P. 103 (defining "motion" as "any challenge, **petition**, application, or other form of request for an order or relief." (emphasis added)). The comment to Rule 575 clarifies:

---

[11] Our research discloses no precedent interpreting the language of Rule 906(A). *Cf. Commonwealth v. Hudson*, 156 A.3d 1194, 1199-1200 (Pa. Super. 2017) (briefly citing Rule 906(A) in a case where the PCRA court **did not** order the Commonwealth to file an answer to PCRA petition, and the petitioner had "not met the jurisdictional requirements of the PCRA").

Paragraph (B)(1) changes prior practice by providing that **the failure to answer a motion in a criminal case <u>never</u> constitutes an admission**. Although **this prohibition applies in all cases, <u>even those in which an answer has been ordered</u>** in a specific case or is required by the rules, the judge would have discretion to impose other appropriate sanctions if a party fails to file an answer ordered by the judge or required by the rules.

Pa.R.Crim.P. 575, cmt (emphasis added).

Based on the foregoing, the PCRA court did not err or abuse its discretion in declining to deem Appellant's version of the facts admitted due to the Commonwealth's failure to answer Appellant's PCRA petition. Appellant's first issue does not merit relief.

Appellant's remaining issues challenge the PCRA court's rejection of his claim of Plea Counsel's ineffectiveness.[12] Appellant argues that even if the facts in his amended PCRA petition are not deemed admitted, the PCRA court improperly denied relief on his IAC claim based on Plea Counsel's (a) pressuring him into pleading guilty; and (b) abandoning his withdrawal request. ***See*** Appellant's Brief at 19-35.

As our Supreme Court has explained,

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from[, *inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

---

[12] Because these issues are closely related, we address them together.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

In order to establish an IAC claim, a PCRA petitioner must plead and prove three prongs:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

Here, Appellant argues the PCRA court abused its discretion in denying relief on his IAC claim. In his second issue, Appellant claims "the record does not support the [PCRA] court's finding" that Appellant's testimony at the PCRA hearing – alleging Plea Counsel pressured Appellant to plead guilty and gave him incorrect legal advice – "was not credible." Appellant's Brief at 20. Appellant emphasizes he filed Appellant's Letters shortly after the guilty pleas. *Id.* at 21.

In his third issue, Appellant contends had he "been properly advised by [Plea Counsel] and continued with his effort to withdraw the guilty plea, there was an excellent chance that such relief would have been granted." *Id.* at 23. Specifically, Appellant emphasizes he "promptly" made his withdrawal request, and there is nothing "which could support a finding that the Commonwealth would have been substantially prejudiced by a withdrawal of the plea ...." *Id.* at 26; *see also id.* at 35 (Appellant "was prejudiced by the bad advice he received from [Plea Counsel] with respect to the attempted withdrawal, which caused [Appellant] to abandon the effort and thereby lose any chance he had for a trial.").

Finally, in his fourth issue, Appellant claims the PCRA court

> incorrectly focused on [Plea Counsel's] strategy and actions concerning the guilty plea[,] but that was irrelevant once [Appellant] decided he wanted to withdraw his guilty plea[,] and was given incorrect advice by [Plea Counsel] in connection with such withdrawal[.]

*Id.* at 31-32 (capitalization modified); *see also id.* at 33 ("[T]he appropriate focus of the [PCRA] court should have been on what [Plea Counsel] did or did not do in connection with the [] withdrawal ... [request], not what [Plea Counsel] did or did not do with respect to the entry of the plea.").

The Commonwealth counters the PCRA court properly denied relief on Appellant's claim of Plea Counsel's ineffectiveness, where:

> (1) there was no credible evidence that [Plea] Counsel gave [Appellant] the wrong advice ([Plea] Counsel was never called as a witness [at the PCRA hearing])[;] and (2) [Appellant] failed to provide a fair and just reason to withdraw his plea.

Commonwealth Brief at 7 (some capitalization modified). The Commonwealth contends the PCRA court's credibility determinations at the PCRA hearing should not be disturbed, as they are supported by the record. *Id.* at 8. The Commonwealth emphasizes that at the guilty plea hearing, Appellant,

> after proper colloquy by the [trial] court[,] agreed that he did, in fact, commit the crimes as alleged. A defendant is bound by statements made during a plea colloquy and a defendant may not later offer reasons for withdrawing the plea that contradicts the statements he made when he pled. *Commonwealth v. Brown*, 48 A.3d 1275, [1277] … ([Pa. Super.] 2012).

Commonwealth Brief at 8.

> It is well settled that
>
> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Pier*, 182 A.3d 476, 478-79 (Pa. Super. 2018) (footnote and citation omitted).

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty … and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). Trial courts must construe pre-sentence motions to withdraw pleas

> liberally in favor of the accused, and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015).

Nevertheless, the right to withdraw a guilty plea is not absolute.

*Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019); *see also*

*Carrasquillo*, 115 A.3d at 1291-92 ("trial courts have discretion in

determining whether a withdrawal request will be granted"). The

*Carrasquillo* Court clarified that "a bare assertion of innocence is not, in and

of itself, a sufficient reason to require a court to grant" a pre-sentence motion

to withdraw a guilty plea. *Carrasquillo*, 115 A.3d at 1285. Rather,

> a defendant's innocence claim must be at least plausible to
> demonstrate, in and of itself, a fair and just reason for
> presentence withdrawal of a plea. More broadly, the proper
> inquiry on consideration of such a withdrawal motion is whether
> the accused has made some colorable demonstration, under the
> circumstances, such that permitting withdrawal of the plea would
> promote fairness and justice.

*Id.* at 1292. "[B]oth the timing and the nature of the innocence claim, along

with the relationship of that claim to the strength of the government's

evidence, are relevant." *Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa.

Super. 2017) (footnote omitted).

Here, in its Rule 1925(a) opinion, the PCRA court determined it properly

denied relief on Appellant's IAC claims:

> At the PCRA hearing, [**Appellant**] **failed to present any
> credible evidence of a fair and just reason to withdraw his
> plea**. He has yet to proffer any defense he has to the charges.
> At the PCRA hearing, [**Appellant**] **conceded his plea was
> knowing and voluntary, wherein he admitted under oath he
> committed the alleged crimes. A person cannot receive
> PCRA relief by later saying he lied when he admitted his**

- 20 -

**guilt under oath at a guilty plea colloquy**.  [*See*, *e.g.*, *Pier*, 182 A.3d at 480 ("[A] defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." (citation omitted)).]

PCRA Court Opinion, 2/26/24, at 2 (emphasis added; citation and some capitalization modified); *see also id.* ("At his sentencing, [Appellant] was free to offer any concerns or questions about his guilt," but he did not do so).

The PCRA court elaborated:

> [**Appellant**] **opted not to call** [**Plea**] **Counsel as a witness at the … PCRA hearing to explain what** [**Plea Counsel**] **told** [**Appellant**] **about the legal standard for withdrawing a guilty plea**.  The result is a one-sided, self-serving PCRA presentation based solely on [Appellant's] [] version of what his counsel told him outside of the record.  [**Appellant's**] **PCRA testimony is belied by his admissions of guilt at his plea.**
>
> ….
>
> As stated by PCRA Counsel at the … PCRA hearing, [Appellant] concedes that his guilty plea was knowing and voluntary.  Hence, it is not disputed … that [Appellant] voluntarily admitted his guilt factually and legally to the two counts.  **The plea record clearly establishes that** [**Appellant**] **was not pressured or coerced by** [**Plea**] **Counsel to enter a plea.**  [Appellant] was explained by video, in writing and orally the rights he gave up by virtue of his plea and confirmed he understood everything.
>
> Additionally, **when** [**Appellant**] **was specifically** [**asked at the plea hearing whether he**] **was satisfied with** [**Plea**] **Counsel's representation of him,** [**Appellant**] **responded "Yes, ma'am."**  N.T., 10/28/22, p. 3 [(emphasis added)].  **This would have been an easy opportunity for** [**Appellant**] **to voice any concerns or complaints he had that he was being pressured to enter a plea or otherwise was underrepresented by his counsel**.
>
> ….

> [**Appellant**] **has yet to set forth a fair and just reason for a request to withdraw his guilty plea.** He has presented no evidence of a defense. He has conceded that he voluntarily ple[]d guilty to the charges. As a result, [Appellant] has failed to establish a PCRA claim of arguable merit for at least two reasons. First, there is no credible evidence that [Plea] Counsel gave [Appellant] the wrong advice about withdrawing his plea. Second, [Appellant] fails to proffer a fair and just reason that his withdrawal request would have been granted.

PCRA Court Opinion, 12/27/23, at 5-6 (emphasis added; citation and some capitalization modified); *see also* PCRA Court Opinion, 2/26/24, at 3 ("There is no credible evidence of record [that Appellant] did not receive accurate information regarding the legal standard for withdrawing a plea.").

The PCRA court's cogent reasoning is supported by the law and the record, and we agree with its conclusion. As there is no arguable merit to Appellant's underlying claim, Plea Counsel cannot be deemed ineffective. *See Treiber*, 121 A.3d at 445 ("counsel cannot be deemed ineffective for failing to raise a meritless claim"); *see also Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023) (stating a PCRA court's credibility determinations "are to be provided great deference," and "there is no justification for an appellate court, relying solely on a cold record, to review the fact-finder's first-hand credibility determinations." (citations, quotation marks, and brackets omitted)).

Based on the foregoing, we affirm the PCRA court's order denying Appellant's first PCRA petition.

Order affirmed.

P.J.E. Bender joins the opinion.

Judge Olson concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

9/10/2024